UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN E. JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV00714 ERW |
| | ) |
| ASPLUNDH CONSTRUCTION | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Asplundh Construction Corporation and Anthony Michael Rogers's Motion for Summary Judgment. [ECF No. 45].

### I.    BACKGROUND

This action arises from a motor vehicle collision on December 3, 2007, between Defendant Anthony Rogers ("Defendant Rogers"), an employee of Defendant Asplundh Construction Corporation ("Defendant Asplundh"), and Plaintiff Susan E. Jackson. Plaintiff initially brought her petition in state court on March 24, 2015, and Defendants removed the action to this Court on May 6, 2015. [ECF Nos. 1, 3]. In their Motion for Summary Judgment, Defendants challenge the sufficiency of Plaintiff's state court petition.

In Plaintiff's petition, she pleads, at all times in this action, Defendant Rogers operated the motor vehicle within the scope of his employment with Defendant Asplundh. [ECF No. 47 at ¶¶ 2-4]. Plaintiff pleads eight different counts in her petition: "Count I – Defendant Rogers," "Count II – Punitive Damages – Rogers," "Count III – Punitive Damages – Asplundh," "Count IV – Defendant Asplundh," "Count V – Negligent Hiring And/Or Retention Defendant Asplundh," "Count VI – Negligent Supervision – Defendant Asplundh," "Count VII – Negligent Entrustment

1

– Defendant Asplundh," "Count VIII – Punitive Damages – Asplundh." [ECF Nos. 47 at ¶¶ 5-13, 3 at ¶¶ 7-56].

## II. STANDARD OF REVIEW

Summary judgment is proper only if there exists "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. of Civ. Proc. 56(c); *Bores v. Domino's Pizza, LLC*, 530 F3d 671, 674 (8th Cir. 2008). The burden of proof is on the party moving for summary judgment, and all facts and reasonable inferences are to be viewed in the light most-favorable to the non-moving party. *Duluth, Winnipeg and Pacific Ry. Co. v. City of Orr*, 529 F.3d 794, 797 (8th Cir. 2008). "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, 'the nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" *Burchett v. Target Corp.*, 340 F.3d 510, 516 (8th Cir. 2003) quoting *Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998).

Material facts are determined by substantive law, and factual disputes which are irrelevant or collateral do not preclude summary judgement. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). A dispute is a genuine issue, where the evidence is such a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must show "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-

moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. The non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**III. DISCUSSION**

Plaintiff's petition contains eight different counts alleging negligence, multiple forms of derivative tort liability[1] against Defendant Asplundh and counts for punitive damages. Defendants argue summary judgment is appropriate on Counts II, III and VII because they are stand alone punitive damage claims prohibited by Missouri law. Defendants further allege entitlement to summary judgment on Counts IV, V, VI, and VII, because Defendants have already admitted derivative liability through respondeat superior barring Plaintiff from asserting other theories of derivative liability. [ECF No. 46].

Plaintiff, in response, argues Defendants' Motion for Summary Judgment fails to comply with Federal Rule of Civil Procedure ("FRCP") 56(c) and Local Rule 7-4.01(E) by failing to provide material facts with proper citations, Plaintiff properly pleaded punitive damages in Counts II, III, and VIII, and Plaintiff can proceed with other forms of derivative tort liability because of the punitive damages exception to the rule stated in *McHaffie By & Through McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). [ECF No. 48].

Defendants reply their statement of undisputed material facts complied with local rules and FRCP 56(c). Furthermore, they argue the punitive damage counts are improperly pleaded because they are not pleaded as separate causes; pleading by reference does not remedy Plaintiff's pleading deficiencies; and in the alternative pleading in separate counts is confusing and prejudicial. Finally,

---
[1] Derivative liability refers to tort liability imposed on a principal for a wrong done by his or her agent.

Plaintiff's other claims of derivative liability fail because the *McHaffie* exception does not apply here. Plaintiff's claims must be dismissed, because Defendant Asplundh has already admitted respondeat superior. [ECF No. 54].

*A. Defendants' Statement of Material Facts*

Defendants filed a statement of undisputed material facts along with their Motion for Summary Judgment, which cited only Plaintiff's state court petition, and did not include any other exhibits, material evidence or deposition testimony. [ECF No. 47]. Plaintiff argues, in her response, this does did not comply with FRCP 56(c) and Local Rule 7-4.01(E) because it fails to cite to the record, deposition testimony or affidavit, and therefore, the Court lacks sufficient factual support to grant summary judgment in favor of Defendants. [ECF No. 48]. Defendants reply they complied with the requirements of FRCP 56(c) and Local Rule 7-4.01(E) by citing to the petition. [ECF No. 54].

> FRCP 56(c)(1)(A) requires a party asserting a fact to support it by:
>
> . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Further, Local Rule 7-4.01(E) requires, in part:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations.

For the Court to accept Plaintiff's argument such citations are improper would require the Court to determine her state court petition is not a portion of the record, or other material, under FRCP 56(1)(a). The Court declines to accept this position, because the petition is part of the record filed with the Court. Further, Defendants reference Plaintiff's petition to assert what it states, and not to

4

prove a fact in the case. Plaintiff's argument on this point is denied, and does not prevent summary judgment in favor of the Defendants.

    B.    *Plaintiff's Punitive Damages Counts*

Defendants argue Counts II, III, and VIII of Plaintiff's petition are independent claims for punitive damages not allowed under Missouri law. Plaintiff responds Missouri law allows such claims, but in any event they are not standalone claims, because they incorporate by reference all of the preceding paragraphs of the petition. Defendants reply independent punitive damage counts are not allowed by Missouri law, the counts including incorporation by reference do not remedy improper pleadings, and in the alternative, pleading in separate counts is confusing and prejudicial to Defendants.

    i.    *Independent Claims of Punitive Damages*

"A punitive damage claim is not a separate cause of action, it must be brought in conjunction with a claim for actual damages." *Misischia v. St. John's Mercy Med. Ctr.,* 30 S.W.3d 848, 866 (Mo. Ct. App. 2000); *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 526 (Mo. Ct. App. 2007) (finding where the plaintiffs failed to prove an underlying cause of action supporting a punitive damages award, the award in the judgment was reversed). "There is no independent cause of action for punitive damages under either federal or Missouri law." *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009) (quoting *Reed v. Bd. of Trs. of Columbia College,* No. 07–04155–CV–C–NKL, 2008 U.S. Dist. LEXIS 105167, at *41 (W.D. Mo. Dec. 31, 2008)). "In Missouri, punitive damages do not and cannot exist as an independent cause of action; they are mere incidents to the cause of action and can never constitute the basis thereof." *Hurley v. Smithway Motor Express,* No. 4:05cv901, 2006 U.S. Dist. LEXIS 76095, at *5 (E.D. Mo. Oct. 19, 2006); *Jackson*, 2009 WL

1310064, at *3. (finding where a count failed to allege any claim for actual damages, any independent cause of action included within the allegations of that count, was redundant and properly dismissed).

> The request for punitive damages need not be plead in a separate count, but it must nevertheless appear from the complaint, either by direct averment or from necessary inference, that the act occasioning the damages was done maliciously or was the result of the willful misconduct of the defendant or of that reckless indifference to the rights of others which is equivalent to an intentional violation of them, at least where the wrongful act does not in itself imply malice.

*City of Greenwood v. Martin Marietta Materials, Inc.*, 299 S.W.3d 606, 627 (Mo. Ct. App. 2009) (internal citations omitted); *Bower v. Hog Builders, Inc.,* 461 S.W.2d 784, 798 (Mo. 1970); *Brown v. Payne,* 264 S.W.2d 341, 345 (Mo. 1954).

The law appears to be conflicting at first glance. It draws a distinction between separate causes of action and separate counts. While punitive damages must not be brought in separate or independent causes of action, they may be pleaded as separate counts. Therefore, the proper inquiry is not whether Plaintiff pleaded her punitive damages as separate counts, because she clearly did, but if she pleaded the punitive damages as separate or independent causes of action. Therefore, the Court will analyze Counts II, III and VIII to determine if they are independent causes of action.

In Counts II, III and VII, Plaintiff has not separately plead a claim for actual damages, but has instead incorporated by reference her claim for actual damages from the previous counts. A punitive damage claim is not allowed without a claim for actual damages. *Jackson*, 2009 WL 1310064, at *3. If Plaintiff's petition did not properly incorporate by reference the actual damages claim, the punitive damage claims will be considered independent and will be barred. The Court will review whether Plaintiff's incorporation by reference is sufficient to satisfy the pleading requirements.

### ii. Incorporation by Reference

Plaintiff argues incorporation by reference cures any pleading defects which may exist. Under FRCP 10(c) a party is allowed to incorporate by reference statements or exhibits referenced elsewhere in the pleading in an effort to encourage pleadings to be short and free of unneeded repetition. *Raineri Const., LLC v. Taylor*, No. 4:12-CV-2297 CEJ, 2014 WL 7506853, at *2 (E.D. Mo. Jan. 9, 2014). Incorporation by reference is allowed in Missouri pursuant to Missouri Rule of Civil Procedure 55.12 as a useful tool in avoiding repetitive pleadings. *Hester v. Barnett*, 723 S.W.2d 544, 561 (Mo. Ct. App. 1987).

However, incorporation by reference does not alter the requirement pleadings be simple, concise and direct. *Id*. Pleadings are still required to "present, define and isolate controverted issues as to advise the trial court and the parties of the issues to be tried and to expedite the trial of the cause on the merits." *Id.* (quoting *Pillow v. General Amer. Life Ins.*, Co., 564 S.W.2d 276, 280 (Mo. Ct. App. 1978)). Allowing pleadings to "overcome a clearly defined, yet insufficient claim, by requiring the court to engage in speculation" of alternate theories that could be derived from the incorporated portions of the pleading defeats the time saving purpose of incorporation by reference. *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 532 (Mo. Ct. App. 2011).

Contrary to Defendants' position, pleading by reference is a commonly accepted practice, and may be used to fix pleading deficiencies. *Hester*, 723 S.W.2d at 561. The Court will review Plaintiff's petition count by count to resolve the incorporations by reference. Count I contains a prayer for "judgment against Defendant Rodgers" for actual damages. Count II, despite being titled "Count II-Punitive Damages – Rogers," contains a prayer for relief "against Defendants Asplundh for punitive damages." Count III, despite being titled "Count III – Punitive Damages – Asplundh,"

contains the exact same prayer for relief as Count II. Counts II and III each incorporate by reference all preceding paragraphs. [ECF No. 3].

In the first three counts, Plaintiff pleads a claim for actual damages against Defendant Rogers and a claim for punitive damages against Defendant Asplundh, but did not plead a claim for actual damages against Defendant Asplundh, nor did she plead a claim for punitive damages against Defendant Rogers. The Court will not rewrite Plaintiff's petition on the basis of the count titles, and will use the actual text of the prayer for relief to analyze the claims. Additionally, the Court will not engage in speculation and guesswork to hypothesize as to what Plaintiff intended in her petition, especially considering Plaintiff is already using incorporation by reference to remedy pleading deficiencies. Therefore, Plaintiff's incorporation by reference of Count I into Counts II and III does not remedy Plaintiff's pleading deficiencies because Plaintiff's prayers for relief of those counts do not include actual damages against Defendant Asplundh, or punitive damages against Defendant Rogers. Counts II and III for punitive damages will be dismissed.

Plaintiff also pleads punitive damages in Count VIII, which incorporates by reference Counts I – VII. Counts I, II, and III, the Court addressed above. Count IV pleads a claim of negligence against Defendants Asplundh and Defendant Rogers. Count V pleads a claim of negligent hiring and/or retention against Defendant Asplundh. Count VI pleads a claim for negligent supervision against Defendant Asplundh. Count VII pleads a claim for negligent entrustment against Defendants Asplundh and Defendant Rogers. These claims all include actual damages in the prayers for relief. Finally, Count VIII pleads a claim of negligence and claims both punitive damages and actual damages against "Defendants Asplundh."

In these counts, while Plaintiff still has inconsistencies in her prayer for relief, the Court does not have to speculate in order to determine what claims are being brought and what relief is

sought. Plaintiff has brought claims of negligence, negligent supervision, negligent hiring, and negligent entrustment against Defendant Asplundh. Plaintiff's Count VIII is not an attempt to bring an independent punitive damages claim, as Counts II and III were, but to assert a claim of punitive damages against Defendant Asplundh for Plaintiff's claims of negligence. In Count VIII, Plaintiff has made a complete claim against Defendant Asplundh, with the sole exception of pleading actual damages. Plaintiff properly incorporates by reference actual damages through Counts IV-VII. Plaintiff appears to have followed the guidance given in the Missouri Approved Instructions 37.05(1) regarding employer negligence, where parties are instructed to apportion fault between the employee, the employer and the plaintiff if applicable, even though the instructions recognize the authority of *McHaffie*.[2] Plaintiff does not intend to present a separate claim for punitive damages, but rather has separated punitive damages into a separate count. Plaintiff has correctly pleaded a claim with punitive and actual damages in separate counts.

Plaintiff's claim for punitive damages is not an independent cause of action as discussed in the other cases. This case is distinguished from *Jackson v. Wiersema Charter Services, Incorporated*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009) where the Court rejected a separate claim for punitive damages tacked on at the end of the complaint, generally alleging punitive damages. The present complaint has specific punitive damage pleadings for a specific count, referencing specific facts alleging punitive damages and requests punitive damages and, through incorporation, actual damages.

Finally, Defendants argue allowing Plaintiff to plead punitive damages in separate counts is prejudicial to Defendants, because it would confuse the jury. Defendants assert the jury will be confused and there will be an increase in the likelihood of multiple awards for the same conduct

---

[2] The Missouri Approved Instructions in a committee comment to 37.05(1), provides a jury should be given a form to apportion fault based on the negligence of the employee and the negligence of the employer through negligent acts of the master. Mo. Approved Jury Instr. (Civil) 37.05(1) (7th ed) (1996 Comm. Cmt. B).

because there are multiple counts with multiple pleading standards. Defendants are unable to cite any authority for their position. Juries must frequently assess multiple claims regarding the same alleged conduct. The Court is not persuaded by Defendants' arguments and summary judgment on this point is denied.

For these reasons, the Court grants Defendants' Motion for Summary Judgment with respect to Counts II and III and denies its motion with respect to Count VIII.

*C. Alternative Liability on Counts IV, V, VI and VII*

Defendants, in their summary judgment motion, argue Plaintiff cannot assert multiple theories of vicarious liability because Defendants have already admitted respondeat superior. [ECF No. 46]. In her response Plaintiff asserts her claims towards Rodgers are properly pleaded and do not implicate the ruling of *McHaffie*, and Defendants' argument is improper because they are arguing for independent acts of negligence against Defendant Rogers and Defendant Asplundh. Defendants reply they are entitled to summary judgment on these claims because the punitive damages exception under *McHaffie* does not apply, and Plaintiff has not brought independent claims of negligence because her claims derive from and are dependent on the negligence of an employee.

"[O]nce an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *McHaffie By & Through McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). The *McHaffie* court reasoned there is no purpose for laboriously submitting evidence to establish other theories and the evidence could potentially inflame the record. *Id.* The *McHaffie* court further found it was reversible error to admit evidence on negligent entrustment or negligent hiring once the agency relationship was admitted. *Id.* at 827. In dicta, the Missouri Supreme Court

acknowledged there may be an exception for punitive damages, but did not decide the issue either way. Federal courts have taken differing approaches as to whether this exception applies. *Kwiatkowski v. Teton Transp., Inc.*, No. 11-1302-CV-W-ODS, 2012 WL 1413154, at *3 (W.D. Mo. Apr. 23, 2012) (recognizing a punitive-damage exception to the rule stated in *McHaffie*).

The Missouri Court of Appeals for the Western District specifically found such an exception exists, reasoning a claim of punitive damages provides a separate reason to present the duplicative evidence, thus eviscerating the reasoning which prompted the Missouri Supreme Court's decision in *McHaffie*. *Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 392–93 (Mo. Ct. App. 2013). There is now a separate and distinct reason to present the additional evidence for the claim of punitive damages. Since *Wilson*, both the United States District Courts for the Eastern and Western Districts of Missouri have followed *Wilson's* reasoning, as will this Court. *Kyles v. Celadon Trucking Servs., Inc.*, No. 6:15-CV-03193-MDH, 2015 WL 6143953, at *4 (W.D. Mo. Oct. 19, 2015); *Harris v. Decker Truck Line, Inc.*, No. 4:12 CV 1598 DDN, 2013 WL 1769095, at *4-5 (E.D. Mo. Apr. 24, 2013).

The Court has already determined Plaintiff has properly pleaded a count for punitive damages. Because Plaintiff presented a proper punitive claim against Defendant Asplundh and the Court has ruled there is an exception to *McHaffie* it is improper to dismiss Plaintiff's claims. Therefore, the Court will not dismiss Plaintiff's claim on the basis of this argument and denies summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is hereby **GRANTED, in part,** and **DENIED, in part**. [ECF No. 45].

**IT IS FURTHER ORDERED** that Plaintiff's Counts II and III are dismissed, without prejudice. [ECF No. 45].

So Ordered this 8th Day of September, 2016.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**