UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN E. JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00714 ERW |
| | ) | |
| ASPLUNDH CONSTRUCTION CORP. and | ) | |
| ANTHONY MICHAEL ROGERS, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Asplundh Construction Corporation and Anthony Michael Rogers's Motion to Strike Plaintiff's Designation of William E. Hampton as an Expert [ECF No. 43]; Plaintiff Susan E. Jackson's Motion to Exclude Testimony of Defendants' Expert Francis Oldham [ECF No. 56]; and Plaintiff's Motion to Exclude Opinions 1-7 of Defendants' Expert Stephen Chewning. [ECF No. 58].

**I. BACKGROUND**

This action arises from a motor vehicle collision on December 3, 2007, between Defendant Anthony Rogers ("Rogers"), an employee of Defendant Asplundh Construction Corporation ("Asplundh"), and Plaintiff Susan E. Jackson when Rogers was operating a bucket truck on Highway 8 in Potosi, Missouri. [ECF No. 53 at ¶ 1]. Plaintiff initially brought her petition in state court on March 24, 2015, and Defendants removed to this Court on May 6, 2015. [ECF Nos. 1, 3].

Defendants in their Motion to Strike Plaintiff's Designation of William Hampton as an Expert argue because Mr. Hampton's opinion testimony should be excluded because his opinions: do not contain specialized knowledge to help the trier of fact understand the evidence, are not based on sufficient facts, are not the product of reliable methods, do not reliably apply principles

1

and methods to the facts of this case, and the probative value of his testimony is outweighed by its prejudicial effect. [ECF No. 43]. Plaintiff's Motion to Exclude Testimony of Defendants' Expert Francis Oldham argues the Court should exclude Mr. Oldham because Mr. Oldham does not discuss Defendant Rogers's vision issues, the information used to establish the opinions; specifically the testing in Long Island, New York was inaccurate, unreliable and not similar to aid a trier of fact. [ECF No. 56]. Plaintiff's Motion to Exclude Opinions 1-7 of Defendants' Expert Stephen Chewning argues because Mr. Chewning failed to ensure the testing methods in Long Island were sufficiently similar to the accident, were cumulative of Mr. Oldham's opinion, were wrong to rely on Mr. Oldham's opinions and because his opinion evidence is more prejudicial than probative the Court should exclude his testimony. [ECF No. 58].

## II. STANDARD

Rule 702 mandates a policy of liberal admissibility, and expert testimony is permitted if it will assist the trier of fact in understanding the evidence or to determine a fact in issue. Fed. R. Evid. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). To be admitted under Rule 702, proposed expert testimony must meet three prerequisites: 1) any evidence based on scientific, technical or other specialized knowledge must be useful to the fact finder in determining a fact in issue; 2) the proposed witness must be qualified to assist the fact finder; and 3) the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Id.; Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 590-93 (1993).[1]

A district court's goal in assessing expert testimony is to ensure that "all scientific testimony is both reliable and relevant." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). The reliability

---

[1] The analysis provided in *Daubert* applies to all experts, not just scientific experts. *Kuhmo Tire Co. v. Carmichael,* 526 U.S. 137 (1999).

requirement means "the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid," while the relevance requirement demands "the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Id.* (internal quotations and citations omitted).

Rule 702's requirements notwithstanding, "[c]ourts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo*, 457 F.3d at 758. This is because the Rule "only requires that an expert possess 'knowledge, skill, experience, training, or education' sufficient to 'assist' the trier of fact, which is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (internal citation omitted). As such, "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Id.* at 1100-01.

## III. DISCUSSION

The Court considers three different motions to exclude part or all of experts' testimony. The Court will first address Defendants' motion to strike, followed by Plaintiff's Motion to exclude Mr. Oldham, and finally, Plaintiff's motion to exclude portions of Mr. Chewning's opinions.

> *A. Defendants Asplundh Construction Corporation and Anthony Michael Rogers's Motion to Strike Plaintiff's Designation of William E. Hampton as an Expert*

Defendants in their memorandum in support of their motion to strike argue: Mr. Hampton's opinions fail to conform to the requirements of Rule 702, and should be excluded because he: lacks the requisite experience to reach his conclusions, applies inconsistent assumptions, reaches legal conclusions, and opines on areas outside of his expertise, where he does not have first-hand

3

knowledge. Further, Defendants argue Mr. Hampton's opinions will not aid the jury on the legal issues they must decide and are more prejudicial than probative. [ECF No. 44]. Plaintiff responds Mr. Hampton's conclusions are based on his considerable knowledge as an expert in the field, are reliable and are central to the issues in dispute. [ECF No. 51].

Defendants argue each of Mr. Hampton's final conclusions[2] contained in his expert report are deficient, and makes substantially similar arguments for most of the conclusions in doing so. Defendants generally make five arguments Mr. Hampton's conclusions are inadmissible: (1) Mr. Hampton reveals no particular principles or methodology used to formulate his conclusions; (2) he lacks the requisite experience and expertise to reach his conclusions; (3) he applies inconsistent assumptions to reach his conclusions; (4) he reaches inappropriate legal conclusions; and (5) he reaches an inappropriate conclusion opining on the ultimate issue.

Plaintiffs respond Mr. Hamptons testimony is admissible because Mr. Hampton's specialized knowledge pertaining to accident reconstruction will assist the jury; Mr. Hampton's is highly qualified as an accident reconstruction specialist, and arguments about his relative skill or knowledge go to the weight of his testimony not the admissibility; Mr. Hampton's methods are generally recognized and approved, and based on his inspection of the accident scene, his experience, and qualifications.

While Defendants argue each opinion individually, the Court will address the arguments made by Defendants. Defendants first argue Mr. Hampton did not use any particular principles or methodologies. Plaintiffs respond Mr. Hampton used generally accepted accident reconstruction methodology, including those of a Missouri State Highway Patrol Certified Accident Reconstructionist, and point out this methodology includes accident scene visits, calculating

---

[2] Mr. Hampton in his deposition has stated his expert opinions are included in his final conclusions of his expert report.

measurements, and reviewing police reports and other witness testimony. Mr. Hampton in his expert report describes calculations performed, evidence collected and other methods used; thereby qualifying him to be an expert in this matter on the basis of Rule 702's liberal pleading requirements. The gaps or inadequacies Defendants identify go to the evidence's weight not admissibility, and cross examination, not exclusion, is the proper manner to address such issues. *Robinson*, 447 F.3d at 1100.

Defendants next argue Mr. Hampton lacks the requisite experience to make his conclusions, and he applies inconsistent assumptions to make his opinions. Plaintiff argues Mr. Hampton is highly qualified and has the experience to render expert opinions. The Court agrees in the area of accident reconstruction Mr. Hampton has more than enough experience to qualify as an expert, based on his qualifications. [ECF No. 51-2] Defendants in their arguments make frequent reference to Mr. Hampton's lack of experience involving his knowledge of Defendant Rogers eyesight and how he is not qualified to give such an opinion. Rule 702 requires experts to be competent in the area of the expert witnesses' testimony, and Mr. Hampton is not providing an expert opinion on Defendant Rogers's eyesight. Mr. Hampton only references Defendant Rogers's vision problems to provide a factual basis for his opinions and not providing an expert opinion regarding Defendant Rogers's vision when he discusses testimony regarding these problems. Mr. Hampton is qualified to be an expert in accident reconstruction based off his experience, and further to the extent Defendants wish to challenge his assumptions or experience, cross examination not exclusion is the proper avenue.

Defendants continue in arguing Mr. Hampton reaches inappropriate legal conclusions in his final conclusions. An expert may not opine on whether a Defendant has violated a given regulation or law because it invades the province of the Court. *Cowden v. BNSF Ry. Co.*, No. 4:08CV01534

ERW, 2013 WL 5442926, at *6 (E.D. Mo. Sept. 30, 2013). Mr. Hampton, or any other expert, is not entitled to provide any opinion to the extent it determines Defendants regulation or statute is violated, but he may still refer to appropriate regulations, so long as he does not extend his opinions to whether Defendants conduct actually violated the regulations.

Defendants last argue Mr. Hampton invades the purview of the jury and opines on the ultimate issue in which the Court will instruct the Jury in its entirety in his tenth final conclusion. Mr. Hampton's tenth final conclusion is:

> "10. Anthony Rogers (sic) vision problems more likely than not contributed to him starting into the highway, into the path of the Susan Jackson vehicle, and causing this motor vehicle crash."

[ECF No. 51-3 at 11]. Plaintiff responds experts may express their opinion on the ultimate issue of the case, and Mr. Hampton's conclusions are based on sound methodology, he has the requisite experience and expertise, and it was on this basis Mr. Hampton made his conclusions. Plaintiffs further assert an expert may express his opinion on the ultimate issue in the case based on his experience and knowledge. *Alumbaugh v. Union Pac. R. Co.*, 322 F.3d 520, 525 (8th Cir. 2003). While an expert opinion may opine on the ultimate issue of a case under FRE 704, "courts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion." *Robertson v. Norton Co.*, 148 F.3d 905, 908 (8th Cir.1998). Mr. Hampton's tenth opinion provides little assistance to the jury as Mr. Hampton is not an expert in matters of vision, and this opinion is based more on Defendant Rogers vision as opposed to his accident reconstruction methodologies and experience. This opinion requires more than expertise in accident reconstruction and requires Mr. Hampton to opine on Mr. Rogers's vision, which is outside the area of his expertise. Therefore to the extent Mr. Hampton attempts to opine on the ultimate issue

in this case in regards to his vision he is not permitted to do so. *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006).

B.  *Plaintiff's Motion to Exclude Defendants' Expert Francis Oldham*

Plaintiff seeks to strike Defendants' expert Francis Oldham's opinions. The first opinion Plaintiff seeks to strike is Mr. Oldham's opinion Plaintiff had enough time and distance to come to a complete stop before she caught up with the Asplundh truck. The second opinion Plaintiff seeks to strike is Mr. Oldham's opinion the furthest West area of impact between the Asplundh truck and Plaintiff's vehicle is 85 feet East of the driveway from which Defendant Rogers exited. Plaintiff argues neither of these opinions is based upon any scientific, technical, or other specialized knowledge that will help the trier of fact to understand the evidence or to determine a fact at issue.

First, Plaintiff attacks Mr. Oldham's opinions by asserting Mr. Oldham did not read Defendant Rogers second deposition where Defendant Rogers's vision issues were discussed. Plaintiff fails to explain how the condition of Defendant Rogers's vision affects Mr. Oldham's opinions. Defendant Rogers' vision has no effect on Mr. Oldham's opinions. Therefore, his opinions will not be excluded on this basis.

Plaintiff argues Mr. Oldham's opinions should be excluded because he did not rely on a similar test done by Defendant Asplundh on the day of the collision. Mr. Oldham is not required to rely on or even consider tests done by parties or other experts. It is also unclear from the evidence presented to the Court whether this was a test done by Defendant Asplundh or just photographs taken on the day of the accident. Plaintiff may address this on cross-examination but it is not a reason for Mr. Oldham to be excluded.

Plaintiff also challenges Mr. Oldham's opinions on the basis he did not recreate the exact same conditions when he conducted his testing. Plaintiff claims Mr. Oldham's testing did not

7

include a sloped lot or loose gravel, he failed to measure the distance of the lot entrance to the fog line of the highway, he did not determine the starting point of Defendant Rogers, the bucket truck was six years older than the truck involved in the accident, and he did not ensure the weight of the truck was the same. These arguments all go to the weight of the evidence and should be addressed on cross-examination of Mr. Oldham. While there are minor differences between the testing conditions and the facts of the accident, these differences are not substantial enough to cause Mr. Oldham's opinions to be speculative or unreliable. The Eighth Circuit has previously held:

> A court may properly admit experimental evidence if the tests were conducted under conditions substantially similar to the actual conditions. Admissibility, however, does not depend on perfect identity between actual and experimental conditions. Ordinarily, dissimilarities affect the weight of the evidence, not its admissibility.

*Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 880 (8th Cir. 1986). Here, the conditions were substantially similar to the actual conditions of the accident. The truck was the same make, model, year, and from the same lot as the vehicle driven by Defendant Rogers in the accident. Further, Defendants stated the testing truck was equipped with the same equipment as Defendant Rogers's truck at the time of the accident. The remaining objections Plaintiff raises regarding the slope of the lot, gravel, and the starting point of the truck may be addressed on cross-examination. Mr. Oldham's opinions sufficiently meet the standards for FRCP 702. The Court will not exclude Mr. Oldham.

C.  *Plaintiff's Motion to Exclude Opinions 1-7 of Defendants' Expert Stephen Chewning*

Plaintiff seeks to exclude opinions one through seven of Defendants' expert Stephen Chewning. Plaintiff argues Mr. Chewning's first seven opinions concern accident reconstruction and are based on inadequate, unsound methodologies and are cumulative to the opinions of Mr. Oldham. Plaintiff asserts because Mr. Chewning relies on the flawed

data of Mr. Oldham, his conclusions are not based on any scientific, technical, or any other specialized training to help the trier of fact understand the evidence.

The Court found, *supra*, Mr. Oldham's opinions were reliable and Mr. Oldham would be permitted to testify at a trial. Therefore, Plaintiff's arguments Mr. Chewning's opinions are unreliable because Mr. Oldham's data is flawed are moot. Furthermore, an expert is permitted to rely on and apply the results of another expert's calculations if a proper foundation is laid, and experts are permitted to collaborate when appropriate. *Johnson v. Avco Corp.*, 702 F. Supp. 2d 1093, 1103 (E.D. Mo. 2010). Finally, Mr. Chewning's opinions are based upon Mr. Oldham's data but also his own examination of the scene and witness testimony.

Plaintiff argues Mr. Chewning failed to supply the supporting documentation for his opinions regarding acceleration. The deposition of Mr. Chewning shows Mr. Chewning came to his opinion regarding acceleration from his many years of experience working with GMC trucks. It is unclear what documentation, if any, there would be to support his conclusion when it is based upon his experience. Plaintiff's objection to Mr. Chewning's experience with GMC trucks goes to the weight of the evidence, not exclusion.

Mr. Chewning's opinions are not cumulative of Mr. Oldham's. While there is some overlap between the experts, Mr. Chewning's focuses his opinions on the exact impact point of the accident and he includes opinions on Plaintiff's conduct leading to the accident. Additionally, Mr. Chewning reviewed Mr. Oldham's data to form his opinions regarding Defendants' compliance with motor carrier standards. Mr. Chewning's opinion would be without foundation if he had not reviewed Mr. Oldham's data and come to his own conclusions. The probative value of Mr. Chewning's opinions is substantially

outweighed by the minimally cumulative nature. Fed. R. Evid. 403; *Kramer v. Ford Motor Co.*, No. 12-CV-1149 (SRN/FLN), 2016 WL 827746 (D. Minn. Feb. 29, 2016). The Court will not exclude Mr. Chewning.

Accordingly,

**IT IS HEREBY ORDERED** Defendants' Motion to Strike Plaintiff's Designation of William E. Hampton as an Expert is GRANTED in Part and DENIED in Part. [ECF No. 45];

**IT IS FURTHER ORDERED** Plaintiff's expert is prohibited from opinion testimony that Defendants' violated federal laws or regulations and is prohibited from opining on the ultimate issue in this case on the basis of Defendant Rogers's vision. [ECF No. 43];

**IT IS FURTHER ORDERED** Plaintiff's Motion to Exclude Testimony of Defendants' Expert Francis Oldham is DENIED. [ECF No. 56];

**IT IS FURTHER ORDERED** Plaintiff's Motion to Exclude Opinions 1-7 of Defendants' Expert Stephen Chewning is DENIED. [ECF No. 58].

So Ordered this 8th Day of September, 2016.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**