UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN E. JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV00714 ERW |
| | ) |
| ASPLUNDH CONSTRUCTION | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion in Limine to Preclude Evidence of Defendant Anthony Rogers' Prior Criminal Conviction or Sex Offender Status [ECF No. 76], Defendants' Motion in Limine to Preclude "Reptile Theory" Argument or Evidence [ECF No. 77], Defendants' Motion in Limine to Preclude William Hampton's Hearsay Testimony on Conversations and Site Visit with Potosi Police Chief Roy Logsden [ECF No. 80], Defendants' Consolidated Motions in Limine [ECF No. 81], Plaintiff's Motions in Limine [ECF No. 84], Defendants' Motion to Bifurcate Punitive Damages at Trial [ECF No. 68], and Defendants' Motion in Limine Requesting Exclusion or in the Alternative Limiting of Plaintiff's Testimony of Injury and Causation by Virtue of the "Sudden Onset" Doctrine [ECF No. 92].

**1.    Defendants' Motion in Limine to Preclude Evidence of Defendant Anthony Rogers' Prior Criminal Conviction or Sex Offender Status [ECF No. 76]**

In their motion, Defendants Anthony Rodgers and Asplundh Construction Corporation ("Defendants") ask the Court to prohibit Plaintiff Susan Jackson ("Plaintiff") from mentioning or presenting evidence regarding Defendant Rodger's past criminal convictions or sex offender status. Defendant Rogers was convicted of rape and sodomy charges in 1992 and is required to

1

register as a sex offender as a result. Defendants assert this evidence is not relevant and the likelihood of unfair prejudice outweighs any probative value of this evidence.

Plaintiff's counsel will be permitted to ask Defendant Rogers if he has every submitted any written documentation stating he is blind in one eye. If Defendant Rogers answers in the negative, then the Court will allow Plaintiff's counsel to introduce evidence of the sex offender registry which states Defendant Rogers is blind in his right eye. Otherwise, this evidence will not be allowed. The prejudice of this evidence to Defendant Rogers is substantial and the probative value is minimal. Evidence of Defendant Rogers's eyesight can be introduced through other means.

**2.     Defendants' Motion in Limine to Preclude "Reptile Theory" Argument or Evidence [ECF No. 77]**

In their motion, Defendants assert Plaintiff should not be permitted to present evidence or argument regarding the "Reptile Theory." According to Defendants, Plaintiff intends to use the "Reptile Theory" to improperly raise questions of community protection. Defendants claim Plaintiff is attempting to spread the aroma of fear in the community which is improper, focuses on irrelevant evidence, and is intended to set up the jury as protector of the community. Defendants argue Plaintiff's counsel intends to use the theory to improperly misdirect the jury on the proper standards of care. Finally, Defendants assert the "Reptile Theory" is an impermissible "Golden Rule" argument asking the jury to place itself in Plaintiff's position. The Court will not issue a ruling on this motion at this time. The Court will address any objections as the evidence is introduced.

**3.     Defendants' Motion in Limine to Preclude William Hampton's Hearsay Testimony on Conversations and Site Visit with Potosi Police Chief Roy Logsden [ECF No. 80]**

In their motion, Defendants ask the Court to preclude Plaintiff's witness William Hampton's hearsay testimony on conversations with Potosi Police Chief Roy Logsden. Defendants

state Mr. Hampton is designated as an expert witness by Plaintiff to testify on the cause of the accident, location of the accident, estimated speed at the time of the accident, and his understanding of the reconstruction of the accident. According to Defendants, Mr. Hampton testified in his deposition, during his site visit, Police Chief Logsden identified the area of impact and stated the "truck pulled out in front of that little girl." Defendants argue this is inadmissible hearsay and should be excluded.

A police officer has more credibility than other witnesses due to the nature of his authority and position as a law enforcement officer. A statement by the Potosi Police Chief "the truck pulled out in front of that little girl," is highly prejudicial. This will not be permitted. The cause of an accident must be established by experts. The expert witness will be permitted to testify as to other information Chief Logsden provided him such as where the scuff marks where located on the pavement.

4. **Defendants' Consolidated Motions in Limine [ECF No. 81]**

In their motion, Defendants assert eight motions in limine. First, Defendants argue Plaintiff's expert witness William Hampton should be precluded from offering any opinion testimony about whether Anthony Roger's medical certificate was valid. In his report, Mr. Hampton opinioned Defendant Rogers falsified his medical examination and was not medically qualified, thereby invalidating his commercial driver's license. Defendants assert Mr. Hampton has no specific knowledge as to this allegation and his assertion is based on his own interpretations, not any actual regulation, law, or precedent. Defendants argue Mr. Hampton's opinion is based on speculation and conjecture and it is highly prejudicial to Defendants.

The Court will permit evidence from witnesses with specific knowledge of the alleged falsification of the medical certificate, but it will not permit Mr. Hampton to opine on the matter. If

Mr. Hampton is able to convince the Court, out of the hearing of the jury, his opinions rely in some manner on his conclusion the medical certificate was falsified, the Court may permit the testimony.

Second, Defendants assert no reference should be made as to any post-accident alcohol or drug testing conducted in respect to Anthony Rogers. In Mr. Hampton's report, he alleges Defendant Rogers was required to be tested post-accident for drugs and alcohol. Defendants argue post-accident testing is only required when the accident results in a human fatality or the driver is issued a citation in connection with the accident, neither of which occurred here. Further, Defendant claim Mr. Hampton admitted a drug test was not required and he was not aware of any allegations there was alcohol or controlled substances involved with either party to the accident.

The Court will permit other witnesses to introduce evidence related to alcohol and drug testing and Defendant Asplundh's company policies in relation to the testing, but Mr. Hampton will not be permitted to testify as to this issue.

Third, Defendants assert no reference should be made to any corporate malfeasance by Asplundh or corporations generally, corporate greed, executive compensation, or similar arguments because such reference would be unfairly prejudicial. Plaintiff agrees not to reference any corporate malfeasance except as it relates to punitive damages against Asplundh. This motion is sustained.

Fourth, Defendants assert no reference should be permitted regarding the size or specialization of the law firms for defense counsel, Plaintiff's counsel, or the amount of money Defendants have spent to defendant the case. Plaintiff agrees not to reference such matters. This motion is sustained.

Fifth, Defendants assert no reference should be permitted regarding Defendants having insurance. Defendants claim this would be unfairly prejudicial and Missouri courts have made it

clear, reference to insurance will constitute reversible error. Plaintiff agrees to not discuss it except for asking questions during voir dire. The Court will not allow any mention of Defendants' insurance except to ask if anyone in the jury is employed by Defendants' insurance company. If the insurance company is a publicly-held company, counsel may ask if any person is employed by or is a shareholder of the insurance company.

Sixth, Defendants assert no reference should be made as to the existence or amount of any and all liens. Plaintiff agrees to only introduce evidence related to bills paid, not to any liens. This motion is sustained.

Seventh, Defendants assert no exhibits should be displayed to the jury without first showing them to opposing counsel and obtaining the approval of the Court. Plaintiff agrees. This motion is sustained.

Finally, Defendants request each party notify the other witnesses to be called the next trial day by 9:00 a.m. of the preceding trial day. Plaintiff agrees to accommodate this request. This motion is sustained.

5.  **Plaintiff's Motions in Limine [ECF No. 84]**

In her motion, Plaintiff asserts fifteen motions in limine. The Court will address each as follows.

First, Plaintiff asserts the Court should exclude any evidence, suggestion or argument regarding any collateral source of payment from any insurance source. Plaintiffs claim Defendants should not be permitted to reference payments by a third party including any health insurance payments because it is irrelevant, immaterial, and prejudicial to Plaintiff. Defendants agree. This motion is sustained.

5

Second, Plaintiff asserts Defendants should be precluded from making any reference to abandoned or alternative pleadings during the course of voir dire and trial. Defendants agree. This motion is sustained.

Third, Plaintiff asserts Defendants should be precluded from making any argument or inference of Plaintiff's attorneys' fees or that Plaintiff's attorneys have a contingency in the outcome of any judgment. Defendants agree. This motion is sustained.

Fourth, Plaintiff asserts Defendants should be precluded from presenting any evidence or arguments suggesting Plaintiff has the sole burden of proof in this case. Plaintiff claims this is a misstatement of the law because Defendants have certain burdens such as a burden to prove any affirmative defenses. Defendants agree. This motion is sustained.

Fifth, Plaintiff asserts the Court should exclude testimony or evidence Plaintiff may have been speeding because it is prejudicial, speculative, irrelevant, and immaterial. Plaintiff claims it would serve no basis but to mislead or confuse the jury. Plaintiff states Defendants have no evidence Plaintiff was speeding. Witnesses will be able to testify Plaintiff was driving fast, but will not be permitted to state she was going faster than 55 miles per hour.

Sixth, Plaintiff asserts the Court should exclude testimony or evidence Plaintiff may have been late to school as prejudicial and speculative. Plaintiff claims this evidence is irrelevant and immaterial and would only serve to confuse or mislead the jury. Plaintiff states Defendants have no evidence Plaintiff was late to school.

The Court will not overrule or sustain this motion at this time. No witness shall state "Plaintiff was late for school," but testimony regarding the time school started will be permitted. If either party wants a witness to state Plaintiff was late to school, a bench conference will be held before introduction of the testimony.

Seventh, Plaintiff asserts Defendants should be precluded from making any reference or comments regarding the financial status or family status of Plaintiff. Defendants agree not to characterize Plaintiff as poor, rich, or make any other reference to her financial status. This motion is sustained.

Eighth, Plaintiff asserts Defendants should be precluded from making any argument or derogatory statements regarding the financial circumstances or motivations of Plaintiff. Argument or statements about Plaintiff's motivations for bringing the lawsuit will only be permitted to attack her credibility.

Ninth, Plaintiff asserts Defendants should be precluded from making any adverse inference, argument or statements regarding Plaintiff's decision not to call certain witnesses at trial. Plaintiff claims these statements would be irrelevant, misleading, inflammatory, and prejudicial to Plaintiff's case. The Court will not make a ruling at this time. If Defendants wish to present this evidence, they shall alert the Court, out of the hearing of the jury, and the Court will make a ruling as to whether the argument or statement will be permitted.

Tenth, Plaintiff asserts Defendants should be precluded from introducing expert testimony to indicate Plaintiff is motivated by consideration of secondary gain such as money or attention. Defendants do not anticipate calling any experts to testify about secondary gain. This motion is sustained.

Eleventh, Plaintiff asserts the Court should exclude argument or evidence designed to prejudice the jury against Plaintiff's right to have her grievances presented in court. Plaintiff states arguments, statements, or suggestions lawsuits are frivolous, claims will affect insurance rates, clog the courts, or Plaintiff will obtain a big pot of money should be precluded. Plaintiff claims she has a right to the justice system and allowing any such statements amounts to prejudicial error.

Defendants are allowed to assert arguments this case is about money. They are not permitted to argue Plaintiff is attempting to get rich from a big company, or any other statements similar to it.

Twelfth, Plaintiff asserts Defendants should be precluded from suggesting in any manner Plaintiff's lawsuit is improper because it will increase insurance rates. Defendants agree. This motion is sustained.

Plaintiff asserts Defendants' expert Francis Oldham should be precluded for the reasons set forth in her Motion to Exclude Testimony. Plaintiff asserts Defendants' expert Stephen Chewing should be precluded for the reasons set forth in her Motion to Exclude Testimony. These matters have already been ruled on in the Court's Memorandum and Order issued on September 8, 2016 [ECF No. 90].

Finally, Plaintiff asserts Defendants' exhibits 50, 72, and 80, and any other photographs showing Eastbound view into sun should be excluded because they are hearsay and lack foundation and substantial similarity. Further, Plaintiff claims Defendant has failed to disclose various facts related to the photographs such as who took them. Plaintiff argues the probative value of these photographs is outweighed by the prejudice to Plaintiff. The Court cannot rule on this issue until Defendants have laid a foundation for the introduction of the photographs at trial. It is unlikely they will be allowed.

**6.  Defendants' Motion to Bifurcate Punitive Damages at Trial [ECF No. 68]**

In their motion, Defendants assert the Court should bifurcate the trial into two stages, a trial on issues of liability and compensatory damages and a trial on issues of punitive damages. Defendants argue this will promote efficiency and avoid unnecessary prejudice against Defendants. Additionally, Defendants claim any improper prejudice against Asplundh is likely to

affect the jury's determination of Roger's liability. Defendants state Plaintiff will not be prejudiced by bifurcation. Finally, Defendants assert Asplundh is a privately held company and bifurcating the trial will delay or avoid disclosure of its confidential financial information until necessary.

This motion will be granted. The jury will make a decision as to the liability of Defendants. After the jury verdict is returned, the parties may introduce evidence about Defendants' financial situation. Then the jury will determine the punitive damages award, if any.

**7.    Defendants' Motion in Limine Requesting Exclusion or in the Alternative Limiting of Plaintiff's Testimony of Injury and Causation by Virtue of the "Sudden Onset" Doctrine [ECF No. 92]**

Defendants assert Plaintiff should be precluded from offering testimony as to the extent of her injuries and their causation. According to Defendants, to establish a causal link between her claimed injuries and the accident, an expert is required, and Plaintiff, as a lay witness, cannot testify as to this information.

Plaintiff will be permitted to testify about her injuries including her broken bones, migraines, and other injuries she incurred. It is also permissible for her to testify that she had surgery. She will not be permitted to testify about diagnosis or other information any doctors relayed to her.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine to Preclude Evidence of Defendant Anthony Rogers' Prior Criminal Conviction or Sex Offender Status [ECF No. 76] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude "Reptile Theory" Argument or Evidence [ECF No. 77] is **held in abeyance**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude William Hampton's Hearsay Testimony on Conversations and Site Visit with Potosi Police Chief Roy Logsden [ECF No. 80] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Consolidated Motions in Limine [ECF No. 81] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions in Limine [ECF No. 84] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Bifurcate Punitive Damages at Trial [ECF No. 68] is **GRANTED**.

**IT IS FURTHER ORDERED** that and Defendants' Motion in Limine Requesting Exclusion or in the Alternative Limiting of Plaintiff's Testimony of Injury and Causation by Virtue of the "Sudden Onset" Doctrine [ECF No. 92] is **GRANTED, in part, and DENIED, in part**.

So Ordered this 13th Day of October, 2016.

_____
      **E. RICHARD WEBBER**
      **SENIOR UNITED STATES DISTRICT JUDGE**